UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Case No. 5:23-52-DCR-CJS-2 Civil Case No. 5:25-71-DCR-CJS |
| v. | ) ) | |
| RODNEY JUNE GILCHRIST, | ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rodney June Gilchrist has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 81). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). After conducting a preliminary review of the § 2255 Motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Gilchrist was ordered to show cause why his § 2255 Motion should not be dismissed as time barred. (*See* R. 83). In response, Gilchrist filed a Motion for Equitable Tolling (R. 84), which the Clerk will be instructed to redocket as Gilchrist's Response to the Court's Show Cause Order. The matter being ripe for review, it will be recommended that Gilchrist's § 2255 Motion **be denied** as time barred.

I.   **FACTUAL AND PROCEDURAL HISTORY**

On May 18, 2023, a federal grand jury returned an Indictment charging Gilchrist with conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846 (Count 1), distribution of 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 4), and possession

with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 5). (*See* R. 1).

On June 12, 2023, Gilchrist first appeared before the Court, and Attorney Thomas C. Lyons was appointed to represent him. (R. 15). On June 28, 2023, the Government filed a notice of prior conviction under 21 U.S.C. § 851, informing that Gilchrist's two prior convictions in Madison Circuit Court in Case No. 17-CR-00493 for trafficking in a controlled substance, first degree, heroin, and trafficking in a controlled substance, first degree, fentanyl, qualified as felony drug offenses that subjected Gilchrist to enhanced statutory penalties if convicted of the pending federal charges. (R. 22). These prior convictions were also identified by the United States in the Indictment, but as prior "serious drug felonies." (R. 1 at Page ID 2, 4, 7, 8). On July 13, 2023, Gilchrist filed a Response to the Government's § 851 notice, arguing that neither of the identified convictions qualified as "serious drug felonies," and alternatively, that the convictions only constituted a single predicate offense. (R. 31). The Court addressed the dispute at a pretrial conference converted to a docket call, held on July 14, 2023, and the parties were directed to file supplemental briefs on whether the issue would require a bifurcated trial. (R. 32; R. 76, transcript). The parties submitted supplementary briefs on the subject, and both agreed a bifurcated trial would be necessary. (*See* R. 35; R. 36). However, on September 27, 2023, Gilchrist filed a Motion for Rearraignment. (R. 41). On September 29, 2023, the Government filed an Amended Title 21 U.S.C. § 851 Information, which notice conceded that the two prior qualifying serious drug felony offenses were a single "serious drug felony." (R. 44). On October 3, 2023, Gilchrist appeared for his rearraignment and pleaded guilty to Counts 2 and 5 under a written Amended Plea Agreement, which Amended Agreement included an admission by Gilchrist that he had one prior qualifying serious drug felony conviction. (R. 47; R. 48). On January 12, 2024, in a non-evidentiary sentencing proceeding, Gilchrist was sentenced to a total term of 180 months of imprisonment

followed by a total term of 10 years of supervised release. (R. 58; R. 61). Gilchrist did not file a direct appeal.

On February 14, 2025, the Clerk of Court received and docketed what Gilchrist titled as a Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255. This filing requested equitable tolling of Gilchrist's deadline to file a motion under 28 U.S.C. § 2255 and which had a proposed § 2255 Motion attached. (R. 79; R. 79-1). On February 18, 2025, the Court denied Gilchrist's Motion for Equitable Tolling because Gilchrist had not yet filed a motion under 28 U.S.C. § 2255. (R. 80). On March 12, 2025, the Clerk of Court received and docketed Gilchrist's instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 81), wherein Gilchrist raises one ground of ineffective assistance of counsel.[1]

On preliminary review, after the Court noted that Gilchrist's § 2255 Motion appeared to be time barred, Gilchrist was ordered to show cause why his § 2255 Motion should not be denied as untimely filed. (*See* R. 83). Gilchrist responded to that Order, acknowledging his § 2255 Motion was filed late but arguing he is entitled to equitable tolling because it was difficult to prepare the § 2255 Motion due to the modified lock-down of his institution, his work detail, and attending his recidivism reduction program. (R. 84).

The Court having heard from Gilchrist, his § 2255 Motion filing is ripe for consideration on this issue. And as explained herein, Gilchrist's § 2255 Motion should be denied because it was not timely filed, and Gilchrist has failed to demonstrate that he is entitled to equitable tolling.

## II.     ANALYSIS

As explained in the Court's prior Order (*see* R. 83 at Page ID 442), federal prisoners by statute have a one-year limitations period in which to file a postconviction motion to vacate. *See*

---

[1] This § 2255 Motion filing mirrors the proposed § 2255 Motion Gilchrist had attached to his earlier filed Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255. (*See* R. 79; R. 79-1).

28 U.S.C. § 2255(f).  The one-year period runs from the latest of four circumstances, the most common being the date on which the federal prisoner's judgment of conviction became final.  *Id.* § 2255(f)(1).

In this case, Gilchrist's Judgment became final on January 26, 2024, upon the expiration of the 14-day period to appeal his Judgment dated and entered on January 12, 2024.  (*See* R. 61); *see also Sanchez-Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."); Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").  Gilchrist therefore had one year—that is, until January 26, 2025—to file his § 2255 Motion.  Instead, on February 14, 2025, the Clerk of Court received from Gilchrist the Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255 and attached proposed § 2255 Motion.  (R. 79; R. 79-1).  Magistrate Judge Stinnett denied the Motion for Equitable Tolling as Gilchrist had no habeas petition then pending before the Court.  (*See* R. 80).  The instant § 2255 Motion was not received and docketed by the Clerk of Court until March 12, 2025.  As such, Gilchrist's § 2255 Motion was filed almost two months too late, absent tolling.  Gilchrist concedes in his responsive filing to the Court's Show Cause Order (*see* R. 84) that his § 2255 Motion was not filed timely.  (*See id.* at Page ID 447).

That bring us to equitable tolling.  As also explained in the Court's prior Order (*see* R. 83 at Page ID 443-44), equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-*

4

*Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)). In the § 2255/habeas context, the limitations period may be subject to equitable tolling if a movant "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Jefferson v. United States,* 730 F.3d 537, 549 (6th Cir. 2013). The bar for equitable tolling is a high one. *See Holland,* 560 U.S. at 649. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys,* 209 F.3d at 561). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011)). Gilchrist acknowledges his § 2255 Motion was filed untimely, although he erroneously states his motion needed to be filed by January 12, 2025, not January 26, 2025. (*See* R. 84 at Page ID 447). Thus, Gilchrist must show that, despite diligently pursuing his rights, extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion. Gilchrist has not met this burden.

Gilchrist's Motion for Equitable Tolling recognizes that he bears the burden to show that he has pursued his rights diligently and that extraordinary circumstances stood in his way of timely filing. (R. 84 at Page ID 447). However, Gilchrist makes no arguments as to how he has been pursuing his rights diligently. (*See generally id.*). Instead, Gilchrist states he was unable to timely file his § 2255 Motion due to the difficulty in preparing legal documents while attending his recidivism reduction programing and work detail, and due to the modified lockdown at FCI Ashland since June of 2024. (*Id.* at Page ID 447). He also attaches an inmate bulletin, signed by the Warden, which states that a computer outage occurred over the weekend of January 13, 2024,

5

effecting the electronic law library and "Trulincs" system. (R. 84-1). But according to the bulletin, partial usage was restored by January 19, 2024, and fully restored by January 25, 2024. (*Id.*).

To the extent Gilchrist believes his circumstances demonstrate a diligent pursuit of his rights, he is mistaken. For one, "limited access to the prison's law library and legal resources alone are not sufficient to support a defendant's contention that he was diligent in pursuing his rights." *United States v. Ordaz-Escalante*, No. 5:18-CR-74-DCR, 2023 WL 2555544, at *3 (E.D. Ky. Mar. 17, 2023). For another, the record supplies no evidence demonstrating that Gilchrist was diligently pursuing his rights. Indeed, he made no filings from the time of his sentencing in January 2024 to the filing of his Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255 in February 2025.[2] (*See* R. 79).

The circumstances articulated by Gilchrist are also not "extraordinary" to warrant equitable tolling. Typically, prison lockdowns are not considered an extraordinary circumstance beyond a movant's control that prevented timely filing of a § 2255 motion. *See Lewis v. Casey,* 518 U.S. 343, 362 (1996) (as long as lockdowns are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance). This Court has previously held that "periods of confinement under more restrictive conditions than the general population . . . are not 'extraordinary circumstances'; they are the usual incidents of prison life." *Ordaz-Escalante*, 2023 WL 2555544, at *3 (quoting *United States v. Magiera*, No. 2:12-CR-32-DCR, 2014 WL 5364799, at *1 (E.D. Ky. Oct. 21, 2014)). Other district courts in the Sixth Circuit have also followed such reasoning. *See Browning v. United States*, Crim. Case No. 07-20427,

---

[2] Gilchrist's Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255 (R. 79) was received and filed by the Clerk of Court on February 14, 2025, and was postmarked February 4, 2025, which was after Gilchrist's limitations period had already expired on January 26, 2025. As a result, Gilchrist's Motion cannot serve as a basis to show he was diligently pursuing his rights, as it was filed after the deadline to file a motion under 28 U.S.C. § 2255 had already expired.

6

2012 WL 400963, at *2 (E.D. Mich. Feb. 8, 2012) ("Furthermore, even if the prison lockdown occurred prior to the expiration of the one year statute of limitations, this would not entitle petitioner to equitable tolling. Prison lockdowns are not considered extraordinary circumstances warranting application of equitable tolling."); *see also United States v. Cherry*, Crim. Case No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) ("Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling.") (quoting *Murphy v. United States*, No. 5:04-CR-241-FL-1, 2009 WL 2579648, at *3 (E.D.N.C. Aug. 17, 2009)).  Here, the modified lockdown at FCI Ashland does not meet the high bar to qualify as an extraordinary circumstance beyond Gilchrist's control to warrant equitable tolling.

Gilchrist's arguments that his work detail and recidivism reduction programming made it "extremely difficult" to file his § 2255 Motion suffer from similar faults.  (R. 84 at Page ID 447).  The circumstances Gilchrist describes are not extraordinary, but typical conditions within federal prisons.  *See United States v. Davenport*, No. 6:09-CR-44-GFVT-REW, 2017 WL 2888948, at *3 (E.D. Ky. June 8, 2017), *report & recommendation adopted*, 2017 WL 2888570 (E.D. Ky. July 6, 2017) (citing *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010) ("It is well settled that . . . the frustrations of typical prison conditions that make litigation difficult . . . do not constitute exceptional circumstances justifying equitable tolling.")); *see also Cardona v. Slone*, No. 7:15-CV-125-KKC, 2017 WL 3841688, at *6 (E.D. Ky. Sept. 1, 2017) (denying equitable tolling in a *Bivens* action when plaintiff asserted he was "real busy" in prison).  In short, Gilchrist's circumstances strike the Court as the ordinary consequences of prison life, not ones that meet the high burden justifying equitable tolling.[3]

---

[3] Gilchrist cites to *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012), in support of his argument that the Court should excuse the untimeliness of his petition and address the merits of his § 2255

7

Because Gilchrist has not made a showing that he was diligently pursuing his rights and that some extraordinary circumstance stood in his way and prevented timely filing, he is not entitled to equitable tolling. *Holland*, 560 U.S. at 649. Therefore, his § 2255 Motion should be denied as time barred.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

---

Motion. But the Sixth Circuit in *Kendrick* tolled the limitations period during a delay attributed to misconduct by defense counsel. *Kendrick,* 504 F. App'x at 486. Gilchrist, on the other hand, does not allege that he was unable to file due to an inability to retrieve his file from defense counsel.

8

In this case, reasonable jurists would not debate the denial of Gilchrist's § 2255 Motion as time barred or conclude that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), because Gilchrist acknowledges he has not satisfied § 2255(f) and he has not alleged sufficient circumstances to satisfy equitable tolling. Jurists of reason would not find this procedural determination fairly debatable. Accordingly, it also will be recommended that a certificate of appealability be denied upon the entry of a final order in this matter.

**IV.   CONCLUSION AND RECOMMENDATIONS**

For the reasons stated herein, the Clerk of Court shall modify the docket entry for Gilchrist's Motion for Equitable Tolling of Petitioner's 28 U.S.C. § 2255 (R. 84) to reflect said filing as Gilchrist's Response to the Court's Show Cause Order (R. 83).

Further, **IT IS RECOMMENDED** that:

1)   Gilchrist's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 81) **be denied**;

2)   a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and

3)   Gilchrist's related collateral civil proceeding **be dismissed and stricken** from the active docket of this Court.

Gilchrist is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with

the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 4th day of August, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\2255 prelim review\23-52-DCR Gilchrist R&R.docx