UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 23-052-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 25-071-DCR-CJS |
| V. ) | |
| ) | |
| RODNEY JUNE GILCHRIST, ) | |
| ) | **MEMORANDUM ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Rodney Gilchrist has filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 81] However, his petition was filed after the statute of limitations expired. In light of this deficiency, Gilchrist also filed a motion for equitable tolling, explaining why he (ostensibly) still is entitled to relief. [Record No. 84] Thereafter, United States Magistrate Judge Candace J. Smith submitted a Report and Recommendation ("R&R") [Record No. 85] suggesting that the undersigned should deny Gilchrist's § 2255 petition and his corresponding motion for equitable tolling. For the reasons that follow, the Court will adopt the R&R and deny the defendant's motions.

The undersigned must make a *de novo* determination of those portions of the United States Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C); however, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[Record No. 85, p. 5] Although Gilchrist has not filed timely objections, out of an abundance of caution, the Court has reviewed the matter *de novo*.

I.

On October 3, 2023, Gilchrist pled guilty to: (1) distributing of 50 grams or more of methamphetamine; and (2) possessing with intent to distribute 50 grams or more of methamphetamine (Counts II and V of the Indictment). [Record Nos. 47 and 48] He was sentenced on January 12, 2024, to 180 months of imprisonment and to 10 years of supervised release on both Counts, to be served concurrently. [Record Nos. 58 and 61] Gilchrist did not appeal his conviction or sentence. Thus, his judgment became final on January 26, 2024. [*See* Record No. 85, p. 4 (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1).]

Although § 2255 motions are subject to a strict one-year statute of limitations, Gilchrist filed a motion seeking equitable tolling (with a proposed § 2255 petition attached) on February 14, 2025, or 19 days after the deadline. [Record No. 79] After Magistrate Judge Matthew Stinnett denied the motion, Gilchrist re-filed the § 2255 petition on March 12, 2025, and filed a similar motion for equitable tolling on April 29, 2025. [Record Nos. 81 and 84]

Gilchrist does not dispute that his § 2255 petition is untimely. Instead, he argues that he is entitled to equitable tolling due to his work detail, recidivism reduction programming, and a brief modified lockdown period in January 2024.

II.

"Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (citing

*Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). But as Magistrate Judge Smith correctly notes, Gilchrist has not met this standard. In the § 2255/habeas context, the limitations period may be subject to equitable tolling if a movant "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." [Record No. 85, p. 5 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))]

Gilchrist contends that, "between his work detail, and attending his recidivism reduction programing, and the modified lock-down, it has been extremely difficult to prepare legal documents, and this modified circumstance coupled with no access to the Law Library and typewriters prevented a timely filing[.]" [Record No. 84] However, as Magistrate Judge Smith notes, none of his excuses establish that he has diligently pursued his rights, nor that extraordinary circumstances caused his filing delay.

First, the "inmate bulletin, signed by the Warden, which states that a computer outage occurred over the weekend of January 13, 2024 … [indicated that] partial usage was restored by January 19, 2024, and fully restored by January 25, 2024." [Record No. 85, pp. 5-6 (citing Record No. 84-1)] As the magistrate judge points out, "limited access to the prison's law library and legal resources alone are not sufficient to support a defendant's contention that he was diligent in pursuing his rights." [*Id.* (quoting *United States v. Ordaz-Escalante*, Criminal Action No. 5:18-74-DCR, 2023 WL 2555544, at *3 (E.D. Ky. Mar. 17, 2023))]

Next, even accepting his allegation that FCI Ashland "has been on a modified lock-down as of June of 2024," Gilchrist fails to account for the nearly five months beforehand that the facility was *not* on modified lockdown. Further, "so long as [routine lockdowns] are the product of prison regulations reasonably related to legitimate penological interests, such delays

are not of constitutional significance, even where they result in actual injury[.]" *Lewis v. Casey*, 518 U.S. 343, 362 (1996).

Finally, Gilchrist's contention that *voluntary* programming can either demonstrate a diligent pursuit of his rights, or an extraordinary circumstance preventing a timely submission makes little sense. Again, Magistrate Judge Smith correctly reports that these activities constitute "typical conditions within federal prisons" that do not justify equitable tolling. *See Portman v. Wilson*, Civil Action No. 10-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010).

### III.

Magistrate Judge Smith also recommends that the undersigned deny Gilchrist a certificate of appealability, finding that "reasonable jurists would not debate the denial of Gilchrist's § 2255 Motion as time barred or conclude that 'the issues presented are adequate to deserve encouragement to proceed further.'" [Record No. 85, p. 9 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)] The undersigned agrees that a certificate of appealability should not issue. Gilchrist admits that his § 2255 petition was filed late, and his purported justifications for equitable tolling would not give reasonable jurists pause. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Rodney Gilchrist's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 81] is **DENIED**.

2. Defendant/Movant Rodney Gilchrist's motion for equitable tolling [Record No. 84] is **DENIED**.

3. United States Magistrate Judge Candace J. Smith's Report and Recommendation [Record No. 85] is **ADOPTED IN FULL** and **INCORPORATED** here by reference.

5. A certificate of appealability will not issue.

Dated: August 22, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky